RECEIVED
2016 JUN 21 P 3: 24
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLAUDE JEROME WILSON, II | ) |
| Plaintiff | ) |
| | ) 3:16-CV-464-WKW-SRW |
| | ) |
| v. | ) |
| | ) BOP Release Date: August 2, 2028 |
| | ) |
| UNITED STATES OF AMERICA, | ) Federal Sentencing Date: June 11, 2009 |
| Defendant. | ) |

MOTION TO CORRECT
SENTENCE UNDER 28 U.S.C. § 2255

Petitioner, CLAUDE JEROME WILSON, II, through undersigned counsel from the office of the Federal Defenders for the Middle District of Alabama, hereby files a motion to set aside the judgment in this case and correct his sentence under the Armed Career Criminal Act (ACCA), pursuant to 28 U.S.C. § 2255. In support of this Motion, Mr. Wilson would show:

1. The Indictment in this case, filed on June 14, 2006, charged Mr. Wilson with one count, a violation of 18 U.S.C. § 922(g)(1). The indictment listed several felony convictions. Specifically, those convictions, all of which occurred in Georgia, included the following:

   a) November 16, 1981, conviction for 3 counts of burglary;

   b) November 16, 1981, conviction for theft of receiving stolen property;

   c) August 3, 1984, conviction for theft by taking;

   d) March 31, 1986, conviction for felony escape;

1

e) March 5, 1999, conviction for aggravated assault;

f) March 5, 1999, conviction for robbery; and

g) October 14, 2004, conviction for aggravated stalking. (Doc. 1).

2. On March 5, 2007, Mr. Wilson, pursuant to *Fed. R. Crim. P.* 11(c)(1)(C), pleaded guilty to the charge. (Doc. 31). Mr. Wilson, pursuant to a term in the agreement, was provided the opportunity to withdraw from the plea, if it was determined that he qualified for statutory enhancements under the Armed Career Criminal Act ("ACCA") (Doc. 31). On August 8, 2007, Mr. Wilson withdrew from his guilty plea. And on January 27, 2009, Mr. Wilson, after a two-day jury trial, was convicted. (Doc. 111).

3. Mr. Wilson, because the sentencing court determined that he had three qualifying felonies, was sentenced under the provisions of the Armed Career Criminal Act ("ACCA"). On June 11, 2009, Mr. Wilson was sentenced to 273 months in prison. On June 12, a judgment reflecting the imposition of Mr. Wilson's sentence was filed. (Doc. 121).

4. Mr. Wilson never appealed his conviction and/or sentence. Mr. Wilson has never filed a § 2255 motion.

5. The Presentence Report ("PSR") does not state with specificity the underlying offenses which permitted the imposition of the ACCA enhanced penalty. Rather the PSR states that because "the defendant has been convicted of felony crimes of violence...[he] is subject to the enhanced penalties at 18 U.S.C. § 924(e)...."[1] Further,

---

[1] [PSR ¶ 28]. The Addendum states that Mr. Wilson has six convictions that qualify

2

the PSR does not clarify which clause of the ACCA was relied upon to support a finding the qualifying felonies were indeed violent felonies. Because of the uncertainty, and the possibility that the qualifying offenses may have fallen under the now defunct residual clause, Mr. Wilson requests a new sentencing hearing.

6. The Government, argued in their Sentencing Memorandum (Doc. 119), that Mr. Wilson's 1981 burglary convictions (3 counts)[2] and 1998 convictions for aggravated assault and robbery foreclose any discussion and that the application of ACCA is proper. (Doc. 119). In lieu of the Supreme Court's decision in *Johnson v. United States*[3] however, it would appear that further discussion is now warranted.

7. In 2015, the Supreme Court, after several years of baffling and confusing decisions, finally declared that the residual clause of the ACCA is unconstitutional. Thus, to qualify as a violent felony, the prior conviction must now fall under either the ACCA's "force"[4] or "enumerated"[5] clauses. The "force" clause requires that the prior conviction possess "as an element the use, attempted use, or threatened use of physical

---

him for ACCA sentencing. The Addendum then lists seven convictions: three burglaries, felony escape, aggravated assault, robbery second degree, aggravated stalking.

[2] [PSR ¶ 32].

[3] 576 US. ___, 135 S. Ct. 2551 (2015).

[4] 18 U.S.C. § 924(e)(2)(B)(i).

[5] 18 U.S.C. § 924(e)(2)(B)(ii).

3

force against the person of another[.]"[6] The "enumerated" clause states that a violent felony also includes "burglary, arson, or extortion, [or] involves use of explosives[.]"[7]

8. Thus, the appropriate inquiry for this Court is whether in 2009, in light of *Johnson's* holding, Mr. Wilson had three violent felony convictions.

9. Mr. Wilson's three 1981 burglary convictions are not violent felonies. According to the PSR, in 1981, Mr. Wilson was convicted of the three burglaries under Georgia law.

10. Georgia's burglary statute[8] is non-generic. That means that Georgia has chosen to broaden its definition beyond burglary's generic/traditional definition.[9] In federal court, the generic definition of burglary is "the unlawful or unprivileged entry

---

[6] 18 U.S.C. § 924(e)(2)(B)(i).

[7] 18 U.S.C. § 924(e)(2)(B)(ii).

[8] Ga. Code Ann. § 16-7-1 provides in relevant part:

(b) A person commits the offense of burglary in the first degree when, without authority and with the intent to commit a felony or theft therein, he or she enters or remains within an occupied, unoccupied, or vacant dwelling house of another or any building, vehicle, railroad car, watercraft, aircraft, or other such structure designed for use as the dwelling of another.

(c) A person commits the offense of burglary in the second degree when, without authority and with the intent to commit a felony or theft therein, he or she enters or remains within an occupied, unoccupied, or vacant building, structure, vehicle, railroad car, watercraft, or aircraft.

[9] *Taylor v. United States*, 495 U.S. 575, 598 (1990); *United States v. Howard*, 742 F.3d 1334, 1342 (11th Cir. 2014) ("The Supreme Court has held that 'burglary' under the ACCA is defined using 'the generic, contemporary meaning of burglary.'")

4

into, or remaining in, a building or other structure, with intent to commit a crime."[10] But in Georgia, burglary, because it includes "vehicle, railroad car, watercraft, aircraft, or such structure designed for use as the dwelling of another" has a broader application.[11] If Georgia's statute criminalized the same and/or even a narrower class of behavior, it would satisfy the generic definition. This is referred to as the categorical approach. Thus, if the state statute satisfies the generic definition, then it is considered a violent felony for purposes of the ACCA.[12] But if the statute is non-generic, as Georgia's burglary statute is, then further inquiry is required.

11.     The Supreme Court has instructed that non-generic statutes must be examined to determine whether there is more than one way a defendant could have violated the statute.[13] This concept is referred to as divisibility. If the statute is divisible, then the sentencing court is free to apply what is referred to as the modified categorical approach. That would allow the court, using documents (indictment, plea colloquy, jury

---

[10] *Id.* at 598.

[11] *United States v. Howard*, 742 F. 3d 1334, 1348 (11th Cir. 2014) (holding that Alabama's burglary 3rd degree statute was non-generic because "the number of things included in the definition of 'building' (such as vehicles and watercraft) fall outside the "building/structure" element of generic burglary.")

[12] *Descamps v. United States*, 133 S.Ct. 2276 (2013).

[13] *Id.* at 2281.

instructions),[14] to ascertain whether or not the prior conviction meets the elements of the generic offense.

12.  Georgia's burglary statute, because, it is capable of being violated alternatively is divisible. For instance, a defendant could violate the Georgia burglary statute by unlawfully entering a building with the intent to commit a felony. But the defendant would be equally culpable if he unlawfully entered a vehicle or/boxcar with the intent to commit a crime. The latter scenario would be inconsistent with the former.

13.  Thus, because the statute of conviction is both non-generic and divisible, the sentencing court, before determining whether the prior conviction qualifies as a violent felony under the ACCA, must have at its disposal adequate documentation to determine the offense of conviction. This process is known as the modified categorical approach. This all important process was never undertaken at Mr. Wilson's sentencing hearing. Because of a devoid record, there is no way to ascertain how Mr. Wilson's burglary offenses came to qualify as ACCA predicate offenses. And more importantly, if the burglary offenses were found to be violent under the residual clause, Mr. Wilson would be entitled to relief.

14.  The 273-month sentence imposed on Mr. Wilson was only permissible because he was eligible for sentencing under the ACCA, 18 U.S.C. § 924(e), as a person who had "three previous convictions for a violent felony or a serious drug offense, or

---

[14] These documents are commonly referred to as *Shepard* documents. *See Shepard v. United States*, 544 U.S. 13, 26 (2005).

both."[15] If Mr. Wilson had not been eligible for the statutory sentencing enhancement, the maximum possible penalty for his conviction of a violation of 18 U.S.C. § 922(g)(1) was 120 months.

15. Mr. Wilson's petition is timely under 28 U.S.C. § 2255(f)(3) because he filed it within one year of the Supreme Court's decision in *Johnson* – a ruling which established a "newly recognized" right that is "retroactively applicable to cases on collateral review."[16]

16. Due to time constraints, counsel cannot, at this time, fully brief the issues presented in this petition. Pursuant to this Court's Standing Order 2:16-mc-3746, counsel asks for leave to supplement this petition at a later time.

WHEREFORE, Mr. Wilson respectfully requests that this Court grant his § 2255 motion, vacate his current sentence, and re-sentence him within the maximum sentence permitted for non-ACCA violations of 18 U.S.C. § 922(g)(1).

Respectfully submitted,

**CHRISTINE A. FREEMAN**
TN Bar Code: 11892
Attorney for Claude Jerome Wilson, II

---

[15] 18 U.S.C. 924(e)(1).

[16] *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257, 1265 (April 18, 2016).

FEDERAL DEFENDERS
MIDDLE DISTRICT OF ALABAMA
817 S. Court Street
Montgomery, Alabama 36104
TEL:  (334) 834-2099
FAX:  (334) 834-0353

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of June, 2016, I filed the foregoing with the office of the Clerk of Court via hand delivery, and copies have been served upon all counsel of record.

/s/ Christine A. Freeman
**Christine A. Freeman**
Attorney for Claude Jerome Wilson, II

FEDERAL DEFENDERS
MIDDLE DISTRICT OF ALABAMA
817 S. Court Street
Montgomery, Alabama 36104
TEL:  (334) 834-2099
FAX:  (334) 834-0353