IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CLAUDE JEROME WILSON, II, | ) |
| Petitioner, | ) ) ) |
| v. | ) CASE NO.: 3:16-CV-464-RAH ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

**I.     Introduction**

In 2009, Claude Jerome Wilson, II, ("Wilson") was sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on his conviction for felon in possession of a firearm, *see* 18 U.S.C. §§ 922(g)(1), and his three qualifying prior convictions. *See* § 924(e) (imposing a fifteen-year mandatory minimum sentence on any defendant "who violates 922(g) . . . and has three previous convictions . . . for a violent felony or a serious drug offense, or both").  In 2015, the Supreme Court held that the definition of "violent felony" in the ACCA's residual clause, *see* § 924(e)(2)(B), is unconstitutionally vague. *Johnson v. United States*, 576 U.S. 591, 606 (2015). In 2016, the Supreme Court held that *Johnson* is retroactively applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). After *Welch*, Wilson filed this timely § 2255 motion seeking relief

under *Johnson* on grounds that he no longer has three prior qualifying convictions under the ACCA and, thus, is not eligible for an enhanced sentence. He moves the court to grant his § 2255 motion, vacate his current sentence, and resentence him without consideration of the ACCA.

Before the Court is the Recommendation of the Magistrate Judge (Doc. 24) recommending the denial of Wilson's motion because he cannot show, as he must under *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017), that it is more likely than not that his sentence on his § 922(g)(1) conviction was enhanced under the ACCA's residual clause in violation of *Johnson*. Wilson has filed an objection. Based upon a de novo review of those portions of the Recommendation to which Wilson objects, *see* 28 U.S.C. § 636(b)(1), the Court overrules Wilson's objections, adopts the Recommendation, and denies Wilson's § 2255 motion.

## II. DISCUSSION

In *Beeman*, the Eleventh Circuit held that, "[t]o prove a Johnson claim, the movant must show that — more likely than not — it was use of the residual clause that led to the sentencing court's enhancement of his sentence." 871 F.3d at 1221–22. "[I]f it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." *Id*. at 1222; *see also generally United States v. Pickett*, 916 F.3d

960, 963 (11th Cir. 2019) (explaining that *Beeman* "provided a precedential answer to what a [*Johnson*] movant needed to show to succeed on a § 2255 motion"). A *Johnson* movant's burden is tied to "historical fact" — whether at the time of sentencing the defendant was "sentenced solely per the residual clause." *Beeman*, 871 F.3d at 1224 n.5. Hence, a decision rendered after sentencing "casts very little light, if any, on the key question of historical fact." *Id*.

The Eleventh Circuit has explained that, under *Beeman*, "[t]o determine this 'historical fact,'" the § 2255 court "look[s] first to the record" and, if the record is not determinative, "to the case law at the time of sentencing." *Pickett*, 916 F.3d at 963. "Sometimes the answer will be clear — '[s]ome sentencing records may contain direct evidence: comments or findings by the sentencing judge indicating that the residual clause was relied on and was essential.'" *Id*. (quoting *Beeman*, 871 F.3d at 1224 n.4). The court "might also look elsewhere in the record, to a PSI, for example, to find 'circumstantial evidence.'" *Id*. at 963–64.

Here, the sentencing court found that Wilson had at least three qualifying prior convictions under the ACCA. Although the record is silent as to which of Wilson's prior convictions qualified, in this § 2255 proceeding, the parties agree the presentence report identified the following predicate convictions: (1) three 1981 Georgia convictions for burglary; (2) a 1996 Georgia conviction for escape; (3) a 1999 Georgia conviction for aggravated assault; and (4) a 1999 Georgia conviction

for robbery.  Wilson argues that he has made the required showing under *Beeman* because, at the time of his sentencing hearing, his prior Georgia convictions for burglary only qualified as "violent felonies" under the now-void residual clause in § 924(e)(2)(B)(ii).  The Magistrate Judge disagreed, concluding that the district court made no express finding that Wilson's Georgia burglary convictions qualified under either the residual clause or the enumerated offenses clause.  (Doc. 24, p. 8.)  In the Magistrate Judge's words: "Because it is apparent that Wilson's burglary convictions were for generic burglaries (and therefore qualified as violent felonies under the ACCA's enumerated offenses clause), and Wilson fails to show that the burglary convictions were found to be violent felonies based solely on the ACCA's residual clause, Wilson fails to meet his burden under *Beeman*."  (*Id*., p. 9.)  The Magistrate Judge also found that Wilson's Georgia convictions for aggravated assault and robbery also qualified as violent felonies for purposes of the ACCA.

    First, Wilson objects to the Magistrate Judge's conclusion that he is not entitled to relief on the merits of his *Johnson* claim.  Specifically, he argues that, at the time of his 2009 sentencing hearing, the three Georgia burglaries only qualified as "violent felonies" under the residual clause.  As discussed in the Recommendation, Wilson's objection on this basis is foreclosed by *United States v. Gundy*, 842 F.3d 1156 (11th Cir. 2016), which held that Georgia's burglary statute is "non-generic" because it both criminalizes generic burglary and is broader than

generic burglary. In *Gundy*, the Supreme Court held that Georgia's non-generic burglary statute is divisible, with alternative locational elements. *Id*. at 1166-68. The Supreme Court further held that, if a limited class of documents, such as the indictment, jury instructions, or plea agreement, show that the elements of a Georgia conviction match generic burglary, the Georgia burglary conviction is properly deemed a generic burglary, qualifying it as a violent felony under the ACCA's enumerated-offenses clause. *Id*. at 1168.

In Wilson's case, the sentencing court made no express finding that the Georgia burglary convictions qualified under either the residual clause or the enumerated offenses clause. The presentence report, which was relied upon at sentencing without objection, sets forth the underlying facts of Wilson's three Georgia convictions; that is, his unlawful entry into three different commercial properties in Thomaston, Georgia. Thus, it is clear Wilson was convicted of three generic burglaries, *i.e*., offenses involving the "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). *See Gundy*, 842 F.3d at 1164; *Avery v. United States*, 819 F. App'x 749 (11th Cir. 2020) (per curiam) (unpublished) (holding defendant's prior Georgia conviction for burglary of a building housing a business qualified as a violent felony under the ACCA's enumerated offenses clause).

As support for its position that Wilson was convicted of generic burglaries, the Government also submitted the indictment from the Georgia convictions in its Response to the § 2255 Motion. (*See* Doc. 13-8.) The indictment provides that the three burglary convictions were based on Wilson's separate entries into three different buildings housing businesses. Wilson objects to the Government's reliance on the Georgia indictment to establish that he was convicted of three separate burglaries of a commercial building housing a business. He argues that the Government may not create new "historical facts" by submitting *Shepard*[1] documents which it could have, but did not, submit at the sentencing hearing. (Doc. 30, p. 17.) It is arguable that, under certain circumstances, newly introduced *Shepard* documents may not be considered for the first time in a §2255 proceeding. *See Tribue v. United States*, 929 F.3d 1326 (11th Cir. 2019). The court, however, need not resolve the question of whether it may look to the newly introduced *Shepard* documents because the presentence report gave the sentencing court a sufficient foundation to conclude that Wilson was convicted of three generic burglaries.[2] Even without considering the information presented in the Georgia

---

[1] *Shepard v. United States*, 544 U.S. 13 (2005) (authorizing a sentencing court to examine a limited class of documents to determine whether the "necessarily admitted elements" to which the defendant pled guilty corresponded to the elements of the offense).

[2] *See Holifield v. United States*, 2:16-cv-445-WKW-SRW, Doc. 28 at p. 7 of 19 (noting that, although defendant's objection on the threshold issue of historical fact was strong, it was unnecessary to resolve the post-*Tribue* question because the "unobjected-to PSR statements gave the sentencing court a sufficient foundation to conclude that Mr. Holifield was convicted of manslaughter."). *See also Holifield v. United States*, No. 20-11782-G, 2020 WL 4743123 (11th Cir. Aug. 14, 2020) (unpublished) (denying the Certificate of Appealability, specifically referencing

indictment, the sentencing court considered the presentence report which referenced the burglaries of the three separate commercial properties.

It is Wilson's burden "to prove – that it was more likely than not – he in fact was sentenced . . . under the residual clause." *Beeman*, 871 F.3d at 1225. Under the *Beeman* standard, Wilson fails to show that the burglary convictions were found to be violent felonies based solely on the ACCA's residual clause. Therefore, to the extent the Magistrate Judge relies on the specific information in the presentence report, this Court agrees with the Magistrate Judge that the three burglary convictions, standing alone, authorize Wilson's sentence under the ACCA.

Wilson also objects on the basis that the aggravated assault and robbery offenses occurred on the same occasion and arise out of a single incident. Specifically, he argues that "one of these two convictions, but not both, could have qualified as an ACCA predicate offense at the time of [] Wilson's sentencing hearing." (Doc. 30, p. 20.) Title 18 U.S.C. § 924(e)(1) requires ACCA predicate offenses to have been committed "on occasions different from one another." Nonetheless, Wilson's objection does not alter the court's decision. The use of either one of these offenses as a qualifier establishes that Wilson had, in addition to the

---

the presentence investigation report when determining the manslaughter convictions qualified as violent felonies under the ACCA's elements clause).

three burglary convictions, at least one more qualifying conviction. Thus, Wilson's objection on this basis is due to be overruled.

### III. CONCLUSION

Accordingly, it is

ORDERED as follows:

1. The Objections (Doc. 30) are OVERRULED.

2. The Recommendation of the Magistrate Judge (Doc. 24) is ADOPTED.

3. The Motion (Doc. 1) is DENIED.

DONE, this 30th day of September, 2020.

/s/ R. Austin Huffaker, Jr.
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE